JOHN V. CARR & SON, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 86–03–00387

(Decided December 9, 1987)

*Schnader, Harrison, Segal & Lewis (Saul L. Sherman and Lance E. Tunick,* on the motions) for plaintiff.

*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, *(John J. Mahon)* on the motions for the defendant.

## Memorandum Opinion and Order

Watson, *Judge:* This action was dismissed on October 8, 1987 for lack of prosecution pursuant to Rule 83(c) of the Rules of the United States Court of International Trade. On October 15, 1987, government counsel attempted to file a proposed submission on agreed statement of facts and a proposed decision and judgment agreed to by the parties. The Clerk's Office refused to file the papers and issued a Notice of Rejection under Rule 81(a), citing the October 8th Order of Dismissal. Plaintiff now asks the Court to treat the submission of the proposed Stipulation of Facts and Judgment as necessarily implying a request to reopen the case which, occurring as it did within thirty days after dismissal, would be the equivalent of a timely motion. The government argues that it mistakenly sought to file the proposed Decision and Judgment, that it would not have done so had it known of the dismissal, and that it had no intention to make a motion to vacate the dismissal.

Nevertheless, there are times when the interests of justice require a Court to attribute consequences to a party's action which may not have been within the exact contemplation of the party. From the Court's point of view, it does not matter who brought this proposed stipulation and judgment to the Court. What is important is that it represented the agreement of the parties as to a just result in the case. Such a presentation to the Court should be viewed as implying a desire on the part of the parties that the Court take whatever procedural measures are necessary to accomplish the just result. If by some chance, one party has overlooked as procedural objection which it might have raised, the Court should not exercise its authority to encourage the making of that objection. The primary objective of the Court should be to encourage true justice. And the rules should always be applied with this in mind. It follows that in this case the Clerk's Office, when presented with a proposed Stipulation and Judgment coming within the time within which the case might have been revived, should have allowed the papers to be filed. This reasoning, of course, is limited to filings in which the agreement of the parties as to the desired result is manifest.

Accordingly upon reading and filing plaintiff's motion to restore and to enter the stipulated judgment for good cause shown, and defendant's opposition thereto, and upon all the papers and proceedings had herein, upon due deliberation, it is hereby

Ordered, that plaintiff's motion is granted, to the extent that the order entered herein on October 8, 1987 dismissing the action for failure to prosecute is hereby vacated. The stipulation for judgment on agreed statement of facts shall be resubmitted and accepted for filing, with or without a proposed stipulated judgment.